AMANDA TAYLOR

*v.*

THE METROPOLITAN ACCIDENT ASSOCIATION.

*Opinion filed April 21, 1898.*

1. APPEALS AND ERRORS—*Appellate Court's finding of facts is conclusive on Supreme Court.* A finding of facts recited in the judgment of the Appellate Court on appeal in a suit at law is conclusive on the Supreme Court.

2. INSURANCE—*suit on accident insurance certificate—effect of Appellate Court's finding facts in alternative.* A finding of facts by the Appellate Court, on appeal in a suit on an accident insurance certificate, that the death of plaintiff's intestate resulted either from natural causes or unnecessary exposure to danger, both of which causes were excepted from insurance by the certificate, is a valid finding though in the alternative, and bars a recovery on the certificate.

*Metropolitan Accident Ass.* v. *Taylor*, 71 Ill. App. 132, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

DUNDAS & O'HAIR, and SYDNEY A. EADS, for plaintiff in error.

SMITH, SHEDD, UNDERWOOD & HALL, for defendant in error.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Defendant is a mutual benefit association, organized under the act of July, 1883. On January 9, 1894, it issued its certificate of membership to Homer E. Taylor, making plaintiff, his mother, the beneficiary in case of his death. Taylor was found dead beside the tracks of the Chicago and Northwestern Railroad Company, near the city of Clinton, in the State of Iowa, on the fifth day of August, 1894, whilst said certificate was in force, with evidence that he had been struck by an engine of a railroad. The plaintiff brought this action, which was tried by the court without a jury and without written pleadings, and a finding and judgment were entered in her favor for $1053.33, which were excepted to by the defendant, who prosecuted an appeal to the Appellate Court for the Third District.

In the trial court the case was submitted on a stipulation, together with the depositions of the engineer and coroner, which showed, substantially, that about seven o'clock in the morning of the fifth day of August, 1894, Homer E. Taylor, with two companions, started from Clinton, Iowa, to go to the next village, walking upon the railroad track for about three miles, when his companions desired to visit a farm house about an eighth of a mile distant, and left him upon the track, as he declined to go with them and said he would await their return, when they would continue their journey. They left him about the same place where a few minutes afterwards he was struck by a locomotive. At the time his companions left him he appeared to be in good health. The place of the accident was on the main line between Clinton and

Council Bluffs, which was double tracked, and over which thirteen regular trains each way passed daily, and often as many extras.   For a mile each way from the place where the accident occurred the tracks are straight, without anything to obstruct the view for that distance in either direction.   The track was fenced on both sides, the nearest opening being a highway crossing five or six hundred feet distant.   A train on the north track approached the place of the accident, and when about three-quarters of a mile away the engineer first observed something on the track, but did not know it was a man until within about four hundred feet.   The assured was then sitting on the north rail and facing south-east, with his back partially turned in the direction from which the train on that track approached.   His legs were stretched out, his arms were on his knees and his head was hanging down between his knees.   The engineer could not say that he looked towards the engine or raised his head or moved in any way.   His body was struck and thrown from the track.   The coroner, a physician of twenty-two years' practice, within three hours thereafter made a personal examination of the deceased, and found both his legs and back broken, his skull crushed, his bowels exposed and other injuries, and that at the time his person and system were entirely free from any intoxicating beverage.   The injuries resulting from the collision were clearly sufficient to cause death.

By the terms of the certificate of membership, the application therefor and the by-laws of the association, it is declared that the certificate shall provide against all forms of bodily injuries induced by external, violent and accidental means, except as follows:   "The benefits under the certificate  *  *  *  shall not extend to  *  *  * death or disability happening directly or indirectly in consequence of disease or bodily infirmity,  *  *  *  or by voluntary exposure to any unnecessary danger."   The by-laws of the association contained the following provision:

"The following hazards are risks not contemplated or covered by this insurance, and no sum whatever shall be paid for any injury received while thus exposed, or in consequence of such exposure, to-wit: Walking on the road-bed or bridge of any railroad," etc.

The Appellate Court, on the facts thus presented by the record, reversed the judgment of the circuit court without remanding the cause, and made a special finding of facts, which was incorporated in the judgment of reversal, as follows: "Upon consideration of the evidence contained in the record herein, this court finds the deceased, Homer E. Taylor, came to his death in consequence of bodily disease or infirmity, or by reason of his voluntary exposure to unnecessary danger." From that judgment of the Appellate Court the plaintiff in the circuit court, who recovered judgment, sued out a writ of error from this court.

It is insisted by the plaintiff in error that the special findings of fact as made by the Appellate Court are contradictory and not absolute, and that the finding was one of law, and was made in the alternative, and therefore not authorized or valid. The finding as made by the Appellate Court is an alternative finding of fact, and is, that Homer E. Taylor came to his death in consequence of bodily disease or infirmity, or came to his death by reason of his voluntary exposure to unnecessary danger, and by the terms of the certificate of membership in the defendant association either alternative would be a bar to recovery. If the exposure to unnecessary danger by placing himself in a position where he was liable to be struck at any moment by the passing trains was the proximate cause of death, (if the accident was the cause of his death,) or if death resulted from natural causes, the case is excepted by the certificate of membership, and in either event, on the facts as found, was a bar to a recovery. By the provisions of the statute the finding of facts as made by the Appellate Court is conclusive on this court,

and the terms of the certificate, if death resulted from either of the causes found by the Appellate Court in the alternative, would bar a recovery.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Boggs took no part in the decision of this case.